IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TYTRAY MARTIN,**

        **Petitioner,**

v.                                                    Civil Action No. 3:07cv150
                                                       (Judge Bailey)

**U.S. ATTORNEY GENERAL,**
**JOE D. DRIVER,**

        **Respondents.**

## NOTIFICATION TO PETITIONER OF RIGHT TO CONSENT TO PROCEED UNDER 28 U.S.C. § 2255 OR TO PROCEED AS FILED

On November 15, 2007, the *pro se* petitioner initiated this action under 28 U.S.C. § 2241 for habeas corpus relief. In the petition, the petitioner challenges the validity of a conviction and sentence imposed in the United States District Court for Eastern District of Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### I. Petitioner's Conviction and Sentence

On June 6, 2007, the petitioner pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), in the United States District Court for the Eastern District of Virginia. See United States v. Martin, 3:07cr122 (E.D.Va. 2007). On August 24, 2007, the petitioner received a 188-month term of imprisonment followed by a three-year term of supervised release. Id. The petitioner did not file a direct appeal of his conviction and sentence, nor has he filed a motion to vacate his sentence under 28 U.S.C. § 2255. Id.

### II. Claims of the Petition

In the petition, the petitioner asserts that he being falsely imprisoned and seeks his immediate release from the Hazelton Penitentiary located in Bruceton Mills, West Virginia. The petitioner asserts that he is entitled to relief for the following reasons:

(1) the government lacked federal legislative, territorial, or admiralty jurisdiction over his criminal case because it never had jurisdiction to arrest him;

(2) his federal indictment was invalid because the government failed to establish an interstate commerce nexus; and

(3) the government's charging instruments are fatally defective because the statute of conviction is unconstitutional.

### III. <u>Analysis</u>

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

2

Because there is still time remaining for the petitioner to timely file for relief under § 2255,[1] remedy by motion under § 2255 is not inadequate or ineffective, and the petitioner is not entitled to pursue relief under § 2241. Therefore, the undersigned believes that the petition should be construed as a § 2255 motion and transferred to the Eastern District of Virginia for further consideration.

However, before any motion can be recharacterized as a motion filed pursuant to §2255, the court is first required to give the defendant notice of its intent to recharacterize the motion, warn him of the effects of such recharacterization, and advise him as to the requirements of § 2255. See Castro v. United States, 540 U.S. 375 (2003); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002). The petitioner must then be given the opportunity to consent to the recharacterization of his motion, or to proceed as filed. Id.

Accordingly, the petitioner is hereby notified that the Court intends to characterize his § 2241 petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255[2] unless it hears to the contrary within **TWENTY (20) DAYS** from the date of this notice. In deciding whether to proceed under § 2255, or as filed, the petitioner is advised of the following:

1. Only one (1) § 2255 motion is permitted to be filed.

2. A second or successive motion can only be filed if certified by the Fourth Circuit Court of Appeals to contain newly discovered evidence or a new rule of constitutional law, made

---

[1] Section 2255 contains a one-year time limitation for filing for relief in federal court. Because the petitioner was sentenced on August 24, 2007, he is well within the one-year time limitation for filing a § 2255 motion.

[2] Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

3

retroactive to cases on collateral review by the Supreme Court.

3. There is a one-year limitation period within which to file any federal habeas corpus petition. A motion filed under 28 U.S.C. § 2255 must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Moreover, the Court has attached an election form to facilitate the processing of petitioners' wishes in this matter. The petitioner should return the completed form to the Court within **twenty (20) days** of the date of this notice. **The failure to do so will result in the petition under § 2241 being converted to a motion filed pursuant to 28 U.S.C. § 2255.**

IT IS SO ORDERED.

The Clerk is directed to send copies of this order to the *pro se* petitioner.

DATED: December 7, 2007.

/s John S. Kaull
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE