IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TYTRAY MARTIN,

        Petitioner,

v.                                        Civil Action No. 3:07cv150
                                              (Judge Bailey)

**U.S. ATTORNEY GENERAL,**
**JOE D. DRIVER,**

        Respondents.

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and procedural History

On November 15, 2007, the *pro se* petitioner initiated this action under 28 U.S.C. § 2241 for habeas corpus relief. In the petition, the petitioner challenges the validity of a conviction and sentence imposed in the United States District Court for Eastern District of Virginia.[1]

On December 7, 2007, the undersigned conducted a preliminary review of the file and determined that the petition should be construed as a motion filed pursuant to 28 U.S.C. § 2255. However, because the petitioner had not previously filed a § 2255 motion, the Court was required to give the petitioner notice of its intent to recharacterize the petition as a § 2255 motion. See Castro

---

[1] On June 6, 2007, the petitioner pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), in the United States District Court for the Eastern District of Virginia. See United States v. Martin, 3:07cr122 (E.D.Va. 2007). On August 24, 2007, the petitioner received a 188-month term of imprisonment followed by a three-year term of supervised release. Id. The petitioner did not file a direct appeal of his conviction and sentence, nor has he filed a motion to vacate his sentence under 28 U.S.C. § 2255. Id. In the petition, the petitioner asserts that he being falsely imprisoned and seeks his immediate release from the Hazelton Penitentiary located in Bruceton Mills, West Virginia. As grounds therefor, the petitioner asserts: (1) the government lacked federal legislative, territorial, or admiralty jurisdiction over his criminal case because it never had jurisdiction to arrest him; (2) his federal indictment was invalid because the government failed to establish an interstate commerce nexus; and (3) the government's charging instruments are fatally defective because the statute of conviction is unconstitutional.

v. United States, 540 U.S. 375 (2003); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002). Accordingly, the Court issued a notice of conversion in which the petitioner was advised that the Court intended to recharacterize his motion, the effects of such recharacterization, and the requirements of § 2255. In addition, pursuant to Castro and Emmanuel, the petitioner was then given the opportunity to consent to the recharacterization, or to proceed as follows.

On December 17, 2007, the petitioner notified the Court that he elected to have his § 2241 petition converted to a motion filed pursuant to 28 U.S.C. § 2255.

## II. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

Because there is still time remaining for the petitioner to timely file for relief under § 2255,[2]

---

[2] Section 2255 contains a one-year time limitation for filing for federal habeas relief. Because the petitioner was sentenced on August 24, 2007, it appears he is still within the one-year time limitation for filing a § 2255 motion.

2

remedy by motion under § 2255 is not inadequate or ineffective to test the legality of the petitioner's sentence.

### III. Recommendation

For the foregoing reasons, it is recommended that the petitioner's § 2241 petition be construed as a § 2255 motion and transferred to the Eastern District of Virginia for all further proceedings.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 21, 2007.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE